| | |
|---|---|
| Joseph H. Harrington<br>Acting United States Attorney<br>Eastern District of Washington<br>Patrick J. Cashman<br>Assistant United States Attorney<br>Post Office Box 1494<br>Spokane, WA 99210-1494<br>Telephone: (509) 353-2767 | FILED IN THE<br>U.S. DISTRICT COURT<br>EASTERN DISTRICT OF WASHINGTON<br><br>MAY 1 2 2021<br><br>SEAN F. McAVOY, CLERK<br>_____ DEPUTY<br>SPOKANE, WASHINGTON |

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JACOB ARTHUR MUNN,

    Defendant.

2:20-CR-00085-TOR

Plea Agreement

Plaintiff, United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and Patrick J. Cashman, Assistant United States Attorney for the Eastern District of Washington, and Defendant Jacob Arthur Munn and the Defendant's counsel, J. Houston Goddard, agree to the following Plea Agreement:

    1)    <u>Guilty Plea and Maximum Statutory Penalties</u>:

The Defendant agrees to waive indictment by a grand jury and agrees to plead guilty to the Information Superseding Indictment charging the Defendant with Unlawful Transportation of Explosive Material by Non-Licensee in violation of 18 U.S.C. §§ 842(a)(3)(A), 844(a)(1). The Defendant understands that this is a Class C felony which carries a maximum penalty of: (1) not more than a 10-year term of imprisonment; (2) a fine not to exceed $250,000; (3) not more than a 3 year term of supervised release; and (4) a $100 special penalty assessment.

*United States v. Jacob Arthur Munn* - Plea Agreement - 1

The Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

2) <u>The Court is Not a Party to the Agreement:</u>

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. The Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by the Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement. The Defendant acknowledges that no promises of any type have been made to the Defendant with respect to the sentence the Court will impose in this matter. The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

The Defendant also understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

3) <u>Waiver of Constitutional Rights:</u>

The Defendant understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

a) The right to a jury trial;
b) The right to see, hear and question the witnesses;
c) The right to remain silent at trial;
d) The right to testify at trial; and
e) The right to compel witnesses to testify.

*United States v. Jacob Arthur Munn* - Plea Agreement - 2

While the Defendant is waiving certain constitutional rights, the Defendant understands the Defendant retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

4) Elements of the Offense:

The United States and the Defendant agree that in order to convict the Defendant of Unlawful Transportation of Explosive Materials by Non-Licensee in violation of 18 U.S.C. §§ 842(a)(3)(A), 844(a)(1), the United States would have to prove beyond a reasonable doubt the following elements:

*First*, between on or about January 1, 2020 and on or about January 31, 2020, in the Eastern District of Washington, the Defendant knowingly transported explosive materials; and

*Second*, at that time, the Defendant did not have a license or permit authorizing the transport of explosive materials.

5) Factual Basis and Statement of Facts:

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

In January 2020, the Defendant transported a "sparkler bomb" from Chattaroy, Washington, to his home in Spokane, Washington, which is within the Eastern District of Washington. The Defendant later placed that "sparkler bomb" under the hood of a vehicle owned by his employer, J.G., in Spokane on or about February 27, 2020.

On February 28, 2020, Special Agents (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) were advised that a "sparkler bomb" had

*United States v. Jacob Arthur Munn* - Plea Agreement - 3

been located under the hood of a vehicle owned by J.G. and responded to his home address in Spokane. Upon arrival, the special agents observed the Spokane Bomb Squad was on scene and had secured the "sparkler bomb."

Further examination of the "sparkler bomb" revealed that it was a black device approximately nine inches long, with a narrow end and a thick end. The device appeared to be wrapped in black electrician's tape. SA Wihera observed wire rods (consistent with sparklers) at the narrow end of the device. It appeared the bottom end had been cut.

After interviewing witnesses, SAs Wihera, Northcutt, and Piergallini contacted the Defendant, a former employee of J.G.'s, at his residence. The Defendant confirmed that he had placed the "sparkler bomb" under the hood of J.G.'s vehicle.

On May 7, 2020, an ATF Senior Explosives Enforcement Officer evaluated the "sparkler bomb" and determined that it "is properly identified as an explosive as that term is defined at both 18 U.S.C. §841(d) and 18 U.S.C. §844(j)."

6) <u>The United States Agree Not to File Additional Charges</u>:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in this Information Superseding Indictment, unless the Defendant breaches this Plea Agreement any time before sentencing.

7) <u>United States Sentencing Guideline Calculations</u>:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "USSG") are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.

//

a) <u>Base Offense Level</u>:

The parties agree that the base offense level for Unlawful Transportation of Explosive Materials by Non-Licensee in violation of 18 U.S.C. §§ 842(a)(3)(A), 844(a)(1) is 12. *See* USSG §2K1.3(a)(5).

b) <u>Specific Offense Characteristics</u>:

The parties do not believe any specific offense characteristics are applicable pursuant to USSG §2K1.1. The United States stipulates and agrees that it will not seek the application of specific offense characteristics, cross-references, or adjustments (apart from acceptance of responsibility).

c) <u>Victim-Related Adjustments</u>:

The parties do not believe any victim-related adjustments are applicable pursuant to USSG §3A. The parties are free to argue for or against the application of any victim-related adjustments recommended by the United States Probation Office.

d) <u>Acceptance of Responsibility</u>:

If the Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and enters a plea of guilty no later than May 12, 2021, the United States will recommend that the Defendant receive a two (2) level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a two (2) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

//

//

*United States v. Jacob Arthur Munn* - Plea Agreement - 5

e)  Final Adjusted Offense Level:

The parties make no agreement as to the final adjusted offense level, which will be determined by the Court at sentencing.

f)  Criminal History:

The United States and the Defendant understand that the Defendant's criminal history computation is tentative and that ultimately the Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report. The United States and the Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigation Report is completed.

8)  Departures/Variance:

The parties stipulate and agree that no upward departures or variances apply. Should the Defendant request a downward departure or variance, the United States reserves its right to oppose any such request.

9)  Incarceration:

The United States agrees to recommend that the Court impose a sentence at the low-end of the applicable sentencing guideline range as determined by the Court at sentencing. The Defendant may argue for any legal sentence he deems appropriate.

10)  Criminal Fine:

The parties agree to recommend that no fine be imposed.

11)  Supervised Release:

The parties are free to make any legal recommendations regarding the imposition of a term of supervised release.

12)  Mandatory Special Penalty Assessment:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington. *See* 18 U.S.C. § 3013.

//

//

*United States v. Jacob Arthur Munn* - Plea Agreement - 6

13) <u>Payments While Incarcerated</u>:

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

14) <u>Additional Violations of Law Can Void Plea Agreement</u>:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

15) <u>Appeal Rights</u>:

Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Defendant hereby expressly waives his right to appeal his conviction and the sentence the Court imposes, including any restitution order. Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

Should the Defendant successfully move to withdraw from this Plea Agreement or should the Defendant's conviction be dismissed, set aside, vacated or reversed, this Plea Agreement shall become null and void; the United States may move to reinstate the Indictment; and the United States may prosecute the Defendant on all available charges involving or arising from the incident on February 28, 2020. Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction or sentence or other attack of the conviction or sentence,

including, but not limited to, proceedings pursuant to 28 U.S.C. § 2255 (writ of habeas corpus).

16) <u>Integration Clause</u>:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Joseph H. Harrington
Acting United States Attorney

_____    5/12/2021
Patrick J. Cashman              Date
Assistant U.S. Attorney

*United States v. Jacob Arthur Munn* - Plea Agreement - 8

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

*Jacob Munn*                                       5/12/21
Jacob Arthur Munn                                   Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____                    5/12/21
J. Houston Goddard                                  Date
Attorney for the Defendant