Joseph H. Harrington
Acting United States Attorney
Eastern District of Washington
Patrick J. Cashman
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>JACOB ARTHUR MUNN,<br><br>　　　　　　　Defendant. | 2:20-CR-00085-TOR-1<br><br>United States' Sentencing Memorandum |

Plaintiff, United States of America, by and through Joseph H. Harrington, Acting United States Attorney for the Eastern District of Washington, Patrick J. Cashman, Assistant United States Attorney for the Eastern District of Washington, respectfully submits the following sentencing memorandum.

I.    Background

The United States requests an opportunity to file additional materials in response to any memorandum or factual assertions filed by the Defendant.

The United States relies on the summary of facts contained within the plea agreement. (ECF No. 40). The United States further relies on the summary of facts contained withing in the United States Probation Office's ("USPO") draft Pre-Sentence Investigation Report ("PSIR") and any Addendum that is filed after the filing of this memorandum. (ECF No. 49).

//

United States' Pre-Sentence Investigation Review and Objections - 1

## II. Objections to the PSIR

The United States does not have any legal objections to the draft PSIR. (ECF No. 52).

## III. Departures

The United States does not seek an upward departure from the Advisory Guideline range.

## IV. 18 U.S.C. § 3553(a) Factors

The United States respectfully submits that a total term of 6 months incarceration, followed by a 3 year term of supervised release, would be a "reasonable" sentence, for this particular Defendant, under the facts and circumstances of this case and would not be greater than necessary to promote the purpose and policy of the Federal Sentencing Act, 18 U.S.C. § 3553(a).

A sentence of 6 months reasonably reflects the serious nature and circumstances of the offense. The Defendant by virtue of his change of plea to a less serious offense, avoided a five-year mandatory minimum sentence. However, the change in the offense of conviction does not diminish the severity of the Defendant's actions. In the instant offense, the Defendant engaged in the production and transportation of a "sparkler bomb," where the Defendant would bundle together with electrical tape approximately 700 to 1000 firework sparklers. The Defendant prior to the instant offense, engaged in the ignition of at least one of these bombs and observed its destructive power. ECF No. 49, ¶¶20, 22, and 23.

In the instant offense, the sparkler bomb was originally located by Mr. Gleese under the hood of his work truck. The United States recognizes the Defendant disputes the placement of the sparkler bomb under the hood placed individuals in danger because the limited ignition temperature; the United States maintains a different perspective. The United States maintains that a number of variables could have played a role in placing individuals in danger ranging from the device negligently, recklessly, or intentionally igniting to the latch on the hood coming loose

United States' Pre-Sentence Investigation Review and Objections - 2

while driving because the size of the device caused the hood to seat incorrectly. Anyone of these scenarios could have resulted in significant injury to other individuals. However, the Defendant should receive a sentence that appropriately reflects the nature and circumstances of the offense and the seriousness of the offense. A sentence of six months satisfies these principles.

Additionally, the Defendant should receive a sentence that considers the Defendant's characteristics and criminal history. Beginning in 2012, the Defendant has committed misdemeanor violations of the law for which he has been convicted. This conviction will be the first felony conviction for the Defendant. As a collateral consequence to this conviction, he will be prohibited from possessing firearms and ammunition in the future.

Turning to the Defendant's character, the Defendant has previously maintained employment and was a productive member of society. ECF No. 49, ¶¶119-124. However, the Defendant struggles with substance abuse issues, which his former employer indicated sometimes got "the better of him." ECF No. 49, ¶111, 112-116. Moreover, the Defendant has struggled on pre-trial release, ultimately resulting in a new charge of driving under the influence and his revocation of pre-trial release. A sentence of six months, followed by a three year term of supervised release will provide the Defendant an opportunity to engage the help of the United States Probation Office and treatment providers to assist in maintaining his sobriety.

//
//
//
//
//
//
//
//

United States' Pre-Sentence Investigation Review and Objections - 3

V.    Conclusion

The United States respectfully recommends that this Court sentence the Defendant to a term of 6 months incarceration, and a 3 year term of supervised release. Such a sentence will provide adequate punishment, deterrence, and protection of the community for the crime committed but also provide the Defendant resources to assist him in obtaining continued treatment.

Dated:  July 27, 2021.

                                              Joseph H. Harrington
                                              Acting United States Attorney

*s/ Patrick J. Cashman*
Patrick J. Cashman
Assistant United States Attorney

# CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

J. Houston Goddard:  houston_goddard@fd.org

*s/ Patrick J. Cashman*
Patrick J. Cashman
Assistant United States Attorney

United States' Pre-Sentence Investigation Review and Objections - 5